IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-01895-CMA-KLM

RICHARD WARNER,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## ORDER REMANDING CASE

This matter comes before the Court on Plaintiff's Motion for Remand to State Court. (Doc. # 10.) Plaintiff commenced this action in the El Paso County District Court to recover unpaid insurance benefits for injuries he sustained in a motor vehicle accident; he also alleges Defendant acted outrageously and in bad faith. Defendant seeks to remove the case to this Court based upon diversity jurisdiction, 28 U.S.C. § 1332.

Section 1332(a) of title 28 of the U.S. Code sets forth two requirements for diversity jurisdiction. Those requirements are: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties. *See id.* Plaintiff does not contest the diversity of citizenship element, so the only question is whether Defendants have produced enough evidence to establish that the amount in controversy exceeds $75,000.

In his Complaint, Plaintiff requests monetary relief in the amount of $27,500.00, which represents his contractual claim against Defendant.  He also seeks damages for bad faith breach of insurance contract and outrageous conduct but attaches no monetary figure to those claims.  (Doc. # 1, Part 2.)

In the Notice of Removal, Defendant contends that the amount in controversy exceeds $100,000.  Since the Complaint does not cite this amount, Defendant apparently gleans it from Plaintiff's election in the Colorado Civil Cover Sheet, which states:  "This party is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and cost[.]"  (*Id.*, Part 1.)

This Court previously addressed the significance of the election of a non-simplified procedure under the Colorado Rules of Civil Procedure made in the state court Civil Cover Sheet.  As discussed in *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007), such election, by itself, does not demonstrate the requisite amount in controversy to establish diversity jurisdiction.  Since it relies exclusively on the Civil Cover Sheet, the Court finds the amount reflected in Defendant's Notice of Removal insufficient to satisfy the requisite jurisdictional amount.

With the Notice of Removal out, the Court must decide where else to look. The Tenth Circuit discussed the issue In *McPhail v. Deer & Co.*, 529 F.3d 947 (10th Cir. 2008).  The *McPhail* court recognized that although a plaintiff who files an action in federal court need only make general or conclusory allegations that the amount in

controversy exceeds $75,000, a defendant seeking removal must "prove jurisdictional facts by a preponderance of the evidence." *Id.* at 952-53.  With regard to such "proof," the court noted that there is little "evidence" which can be presented at the time of removal.  Aside from the complaint and notice of removal, other potential sources of evidence include interrogatories obtained in state court before removal was filed, a proposed settlement amount, or affidavits.  *See id.* at 956.  Those sources, however, are not present here.  Thus, in the absence of other evidence, in deciding the amount in controversy, the Court is limited to facts alleged in the complaint and notice of removal.

The allegations in the complaint do not help Defendant's cause.  In terms of specific damages, they plead only a contractual claim for $27,500, far short of the jurisdictional prerequisite.  Beyond that, to infer an amount in controversy would be wholly speculative.  In sum, Defendant has not satisfied its burden to demonstrate the necessary amount in controversy.  Thus, the action must be remanded to the State Court.

It is, therefore, ORDERED that Plaintiff's Motion to Remand to State Court (Doc. # 10) is GRANTED.  Accordingly, this action is REMANDED to the El Paso County District Court.

DATED:  September  9 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3